**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**No. 17013.**

United States Court of Appeals Ninth Circuit.

Oct. 20, 1961.

---

12. 361 U.S. at 504, 518, 80 S.Ct. at 435.

Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Allison W. Brown, Jr., and Earle W. Putnam, Attys., N. L. R. B., Washington, D. C., for petitioner.

Koerner, Young, McColloch & Dezendorf, by Lewis K. Scott, Portland, Or., amicus curiae.

Carney & McCarroll, Richard R. Carney, Portland, Or., for respondent.

Before CHAMBERS and HAMLEY, Circuit Judges, and WOLLENBERG, District Judge.

WOLLENBERG, District Judge.

This case is a companion to our decision in N. L. R. B. v. Cascade Employers Association, 296 F.2d 42 (9th Cir., October 20, 1961, No. 17012.)

1. See 29 U.S.C.A. § 153(b) (Supp.1960)

2. 29 U.S.C.A. § 160(e) (Supp.1960)

On May 18, 1959, the N. L. R. B. filed an unfair labor practice charge against respondent, alleging a violation of Section 8(b), subsections (1) (B) and (3) of the National Labor Relations Act [29 U.S.C.A. § 158(b) (1) (B); § 158(b) (3)]. Complaint and Notice of Hearing were subsequently served, and the matter was heard before Trial Examiner David F. Doyle on August 27 and 28, 1959, in Portland, Oregon. On December 30, 1959, the Trial Examiner issued his Interim Report, finding respondent had engaged in unfair labor practices within the meaning of 8(b) (1) (B) and 8(b) (3) of the Act by:

"5. * * * restraining and coercing employers in the selection of the Association as their representative for the purposes of collective bargaining, as found above, the Union has engaged in unfair labor practices within the meaning of Section 8(b) (1) (B) of the Act.

"6. By refusing to bargain collectively with the Association, as found above, the Union has engaged in unfair labor practices within the meaning of Section 8(b) (3) of the Act." (Conclusions of Law, Record, p. 42)

On April 29, 1960, a three man panel to whom the Board had delegated its power in connection with the case[1] affirmed and adopted the Trial Examiner's Interim Report. The Board has petitioned this court to enforce its order in the case.[2] Briefs were submitted, oral argument was heard, and the matter submitted on May 11, 1961.

While the case was under submission the Board issued its decision and order in Hoisting and Portable Engineers Local Number 701,[3] in which it found, contrary to the Trial Examiner's Interim Report in the case, that Cascade Employers Association was not a legally recognizable multi-employer bargaining unit within the scope of the Act.

3. 132 N.L.R.B. #44 (1961).

**50**

The Trial Examiner's decision in General Teamsters herein is predicated upon the existence of a recognized multi-employer bargaining unit:

"The Association is an Oregon non-profit corporation, with its principal place of business in Portland, Oregon.[1]

\* \* \* \* \* \*

"Upon the pleadings and the record as a whole, I find that the Association, at all times pertinent hereto, was an employer within the meaning of Section 2(2) of the Act, \* \* \*."

\* \* \* \* \* \*

"[1] Cascade Employers Association, Inc., is successor to another employer group named Associated Concrete Products, Inc. This was merely a change in name and has no legal effect on the rights and duties of the parties to this proceedings. This entity is referred to as the Association in this report."[4]

The Board, in its decision and order implementing the Trial Examiner, stated:

"In addition, the record permits no escape from the fact that the sum of the tactics employed by Local 324 was in implementation of a design to drive a coercive wedge between the Association and employers it represents with the object of compelling the employers to abandon the Association as their collective bargaining representative and to substitute individual for group bargaining. The execution of the individual agreements, occurring in this context, does not meet the Act's requirement of good faith bargaining."[5]

■■ It seems clear that there exist a recognized multi-employer bargaining unit in order to have an unfair labor practice in this situation. Therefore, because of the question raised by the Board's decision in Hoisting and Portable Engineers, supra, regarding the status of Cascade as a multi-employer unit, we ordered supplemental briefs filed. Where, as here, circumstances have arisen after the issuance of the Board's order which affect the propriety of enforcing the order, this Court may, in its discretion, decide the matter itself or remand it to the Board.[6]

We have reviewed the supplemental briefs, the entire record, and the Decision and Order in Hoisting and Portable Engineers, supra, and this Court is of the opinion that the matter should be remanded to the Board so that it may take action to resolve the question.

---

4. Record, p. 20

5. Record, p. 16

6. N. L. R. B. v. Jones & Laughlin Steel Corp., 331 U.S. 416, 67 S.Ct. 1274, 91 L.Ed. 1575 (1947)